UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

2010 SEP 29  PM 1: 57

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

WESTERN SIZZLIN CORPORATION,

       Plaintiff,

vs.

CASE NO:

PINNACLE BUSINESS PARTNERS, LLC,
dba SIZZLIN' GRILL RESTAURANT

       Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, Western Sizzlin Corporation, a Delaware corporation ("Plaintiff"), through  undersigned counsel, and files this Complaint against the Defendant, Pinnacle Business Partners, LLC, dba Sizzlin' Grill Restaurant, a Florida limited liability company, (hereafter "Defendant") and asserts as follows:

### NATURE AND BASIS OF ACTION

1.     This is an action by Plaintiff against Defendant arising under the Lanham Act, 15 U.S.C. § 1051, et seq.; the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fl. Stat. § 501.201, et seq.; and common law.

2.     Plaintiff seeks injunctive relief and damages for trademark infringement, unfair competition, trademark dilution, common law unfair competition, unjust enrichment, and violations of FDUTPA.

### THE PARTIES

3.     Plaintiff is a Delaware corporation with a principal place of business in Roanoke, Virginia.

4.     Defendant is a Florida limited liability company with a principal place of business in Kissimmee, Florida.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 as this case arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### WESTERN SIZZLIN CORPORATION

7.     The Plaintiff is a nationally known restaurant business that was founded in 1962.

8.     The Plaintiff has offered national franchises since 1966 and currently has locations in 19 states.

9.     On September 24, 1985 and February 20, 1990, the United States Patent and Trademark Office formally issued to Plaintiff registration for the word and composite marks "Western Sizzlin" and "Western Sizzlin Steak & More Restaurant" in connection with restaurant services in international trademark class 42 (the "Western Sizzlin Marks"). True and correct copies of the registration information concerning the Western Sizzlin Marks from the USPTO's website are attached hereto collectively as Exhibit "A" and are by reference made a part hereof.

10.    The Plaintiff, affiliated restaurants, and its franchisees have engaged in substantially exclusive and continuous use of the Western Sizzlin Marks and related word and composite marks for restaurant services since 1985.

11.     Throughout their history, the Plaintiff, affiliated restaurants, and its franchisees have actively conducted advertising and promotional activities designed to enhance and promote their restaurants and the Western Sizzlin Marks.

12.     The Plaintiff and its affiliated corporations have registered protected Internet domain names using the Western Sizzlin Marks including, but not limited to, "westernsizzlin.com" and "westernsizzlin.biz".

13.     The Plaintiff, affiliated restaurants, and its franchisees, have expended significant sums to publicize the Western Sizzlin Marks and the services they provide in conjunction with such marks.

14.     The Western Sizzlin Marks are distinctive marks.

15.     The Western Sizzlin Marks have acquired secondary meaning.

## INFRINGEMENT BY DEFENDANTS AND DEMAND BY PLAINTIFF FOR CESSATION OF TRADEMARK INFRINGEMENT

16.     Starting in approximately 1995, an authorized Western Sizzlin restaurant franchise operated at 5811 West Irlo Bronson Highway, Kissimmee, Florida (hereafter the Former Franchise) and continued in operation until late 2004.

17.     In approximately late 2004, Joe Josephs, the owner of the real property where the Former Franchise was located contacted the Plaintiff and inquired as to operating a Western Sizzlin Wood Grill Buffet restaurant franchise at the location of the Former Franchise.

18.     Mr. Josephs and a business partner thereafter decided not to open a Western Sizzlin Wood Grill Buffet franchise, but rather stated to representatives of the Plaintiff that they would merely operate a restaurant at the location of the Former Franchise as a Western Sizzlin restaurant and that they would sign a franchise agreement.

3

19. The Defendant recognized its lawful obligations for use of the Western Sizzlin Marks and paid royalty payments to the Plaintiff during 2005.

20. In approximately February 2006, representatives of the Plaintiff visited the location of the Former Franchise and met with representatives of the Defendant. At such time the Plaintiff discovered that the Defendant continued to operate the restaurant without any significant revisions to the interior of the restaurant and had merely changed the signs from the former "Western Sizzlin" to "Sizzlin Grill".

21. In approximately February 2006, representatives of the Plaintiff visited the location of the Former Franchise and met with representatives of the Defendant and at such time the Defendant refused to execute a franchise agreement with the Plaintiff or pay further royalties to the Plaintiff.

22. In approximately February 2006, representatives of the Plaintiff visited the location of the Former Franchise and met with representatives of the Defendant and at such time the Plaintiff demanded that the Defendant remove their "Sizzlin' Grill" signs as they were confusingly and deceptively similar to the trademarked signs used by the Plaintiff.

23. In approximately November of 2009, a representative of the Plaintiff visited the location of the Former Franchise and discovered that the Defendant's had neither removed the "Sizzlin' Grill" signs nor made any significant changes to the interior of the restaurant such that the interior of the restaurant continued to look just like an authentic Western Sizzlin restaurant.

24. In approximately March of 2010, counsel for the Plaintiff sent a demand letter to the Defendant requesting payment for unpaid royalties and immediate cessation of the use of the infringing marks. A copy of such demand letter is attached hereto as Exhibit "B" and is by reference made a part hereof.

4

## COUNT I - (§ 32 OF THE LANHAM ACT)

25.    The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26.    The Defendant has, without Plaintiff's consent, used in commerce a colorable imitation of the Western Sizzlin Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

27.    The infringing acts committed by Defendant were committed with knowledge that such imitation was intended to be used to cause confusion, or to cause mistake or to deceive, and have caused, and unless enjoined, will continue to cause damage to Plaintiff.

## COUNT II - (§43(a) OF THE LANHAM ACT)

28.    The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 24 as if fully set forth herein.

29.    The Western Sizzlin Marks, as more fully described above, are well established marks that serve to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively with the Plaintiff.

30.    As evidenced by the federal registrations and their long, continued, and exclusive use, the Western Sizzlin Marks have acquired distinctiveness and secondary meaning in connection with restaurant services provided by Plaintiff and its affiliated corporations and franchisees.

31.    Prior to operating their restaurant as "Sizzlin' Grill" the Defendant had actual and constructive knowledge of the use and ownership of the Western Sizzlin Marks and was aware of the advertising and promotional activities relating to same by the Plaintiff.

32.     Defendant, in connection with restaurant services very similar to that of the Plaintiff, has used and continues to use, a trade name and service marks, that are likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and to the origin, sponsorship, or approval of Defendant's goods, services, and/or commercial activities by the Plaintiff.

33.     The Defendant's use of use of a substantially similar trade name and service marks to the Western Sizzlin Marks constitutes false designations of origin, false descriptions, and false representations in interstate commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and have caused and will continue to cause irreparable harm to Plaintiff unless and until temporarily, preliminarily, and thereafter permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

34.     The Defendant's conduct represents a conscious and intentional effort to misappropriate the Western Sizzlin Marks and non-functional trade dress for the purposes of injuring the Plaintiff and its affiliates, and unjustly enriching Defendant at their expense.

## COUNT III - (§43(c) OF THE LANHAM ACT)

35.     The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 24 as if fully set forth herein.

36.     The Western Sizzlin Marks are "famous" within the meaning of Section 43(c)(1) and (2) of the Lanham Act.

37.     The Plaintiff is the owner of the Western Sizzlin Marks.

38.     After the Western Sizzlin Marks became famous, the Defendant commenced use of a mark in commerce that is likely to cause dilution by blurring or impairing the distinctiveness of such famous marks, lessening the capacity of such marks to identify and distinguish restaurant

6

services offered by Plaintiff and its affiliates, and by creating an association arising from the similarity between Defendant's marks and the Western Sizzlin Marks that harms the reputation of such famous marks.

39.     Defendant willfully intended to trade on the recognition of the Western Sizzlin Marks and cause dilution of such famous marks.

## COUNT IV - (COMMON LAW UNFAIR COMPETITION)

40.     The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 24 as if fully set forth herein.

41.     The Defendant's conduct constitutes unfair competition under applicable state law.

42.     The Defendant's conduct is causing irreparable injury to Plaintiff's reputation and goodwill, which will continue unabated unless enjoined by this Court. In addition, Defendant's conduct is causing monetary damage to Plaintiff in an amount to be proven at trial.

## COUNT V - (UNJUST ENRICHMENT)

40.     The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 24 as if fully set forth herein.

41.     The Defendant's unauthorized use of the Western Sizzlin Marks and/or deceptively similar marks in operating a restaurant at the location of the Former Franchise has provided a benefit to the Defendant and resulted in the unjust enrichment of Defendant in an amount that has yet to be determined.

42.     The circumstances render the Defendant's retention of the benefit provided by its unauthorized use of the Western Sizzlin Marks and/or deceptively similar marks inequitable unless the Defendant pays to the Plaintiff the value of the benefit.

7

## COUNT VI - (VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE

## PRACTICES ACT, § 501.201 ET SEQ., FLA. STAT.)

43.     The Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 24 as if fully set forth herein.

44.     By its aforesaid acts, Defendant's unauthorized use of the Western Sizzlin Marks and/or deceptively similar marks in operating a restaurant at the location of the Former Franchise constitute deceptive and unfair trade practices.

45.     Plaintiff has no remedy at law.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter judgment that Defendant has, without the consent of Plaintiff, used in commerce a colorable imitation of the Western Sizzlin Marks in connection with the sale, offering for sale, distribution, and advertising of restaurant services in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114(1)(a).

B.     Enter judgment that Defendant has used false designations of origin, false descriptions, and false representations, in bad faith and in willful violation of 15 U.S.C. § 1125(a) and has injured Plaintiff's business reputation and diluted the distinctive quality of its federally registered and famous marks; have otherwise injured Plaintiff by promoting advertising, and selling their restaurant services using a colorable imitation of the Western Sizzlin Marks in willful violation of 15 U.S.C. § 1125(c)(1).

C.     Issue a preliminary injunction and thereafter a permanent injunction under 15 U.S.C. § 1116(a) ordering Defendant and their respective officers, agents, servants, employees,

and attorneys, and those persons in active concert with them, to refrain from using authorizing or employing the name Sizzlin' Grill or any colorable imitation of the Western Sizzlin Marks, and to file with the court and serve on the Plaintiff within thirty (30) days of service on Defendant of such injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

      D.    Award damages to the Plaintiff as provided under 15 U.S.C. § 1117(a), including:

          i.    the Defendant's profits,

          ii.    three times the actual damages sustained by Plaintiff, and/or

          iii.    a reasonable royalty for use of the Plaintiff's marks.

as well as reasonable attorney's fees to the Plaintiff as prevailing party, and/or if the Court shall find that the amount of recovery based on profits is either inadequate or excessive, to award in its discretion judgment for such sum as the Court shall find to be just, according to the circumstances of this case, and the costs of this action;

      E.    Issue an order under 15 U.S.C. § 1118 ordering that all labels signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the Defendant bearing colorable imitations of the Western Sizzlin Marks shall be delivered and destroyed;

      F.    Enter judgment that Defendant's unauthorized use of the Western Sizzlin Marks and/or deceptively similar marks in operating a restaurant at the location of the Former Franchise constitute unfair competition under Florida common law and awarding Plaintiff damages;

      G.    Enter judgment that Defendant's retention of the benefit provided through the Defendant's unauthorized use of the Western Sizzlin Marks and/or deceptively similar marks in operating a restaurant at the location of the Former Franchise constitute unjust enrichment under

Florida common law and awarding Plaintiff damages in the amount that the Defendant was unjustly enriched;

H.     Enter judgment that Defendant's unauthorized use of the Western Sizzlin Marks and/or deceptively similar marks in operating a restaurant at the location of the Former Franchise constitute deceptive and unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act; permanently enjoining Defendant from engaging in the deceptive and unfair business practices alleged herein; awarding all damages, compensatory and punitive, arising from Defendant's actions as permitted under Florida law; and/or

F.     Such other and further relief as this Court deems appropriate.

Respectfully submitted,

JOSEPH C. SHOEMAKER
Florida Bar No. 0319790
BOGIN, MUNNS & MUNNS, P.A.
628 South 14th St.
Leesburg, FL 34748
(352) 728-3773 (PHONE)
(352) 728-5488 (FAX)
jshoemaker@boginmunns.com
Attorneys for Plaintiff

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Complaint and that the facts stated in it are true to the best of my knowledge and belief.

Western Sizzlin Corporation,
a Delaware corporation

By _____
      Robyn B. Mabe
As: _Vice President_____

STATE OF VIRGINIA
CITY OF ROANOKE

BEFORE ME, the undersigned authority, personally appeared _Robyn B. Mabe_, as _Vice President_, of Western Sizzlin Corporation, who has sworn and says the foregoing Complaint is true.

SWORN and SUBSCRIBED before me on this _21_ day of _September_, 2010, by _Robyn B. Mabe_ who is personally known to me.

_____
NOTARY PUBLIC, STATE OF VIRGINIA
Commission Number: 7265509
My Commission Expires: November 30, 2013



**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2010-09-27 18:12:15 ET

**Serial Number:** 73528053 Assignment Information          Trademark Document Retrieval

**Registration Number:** 1362691

**Mark (words only):** WESTERN SIZZLIN

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2006-02-17

**Filing Date:** 1985-03-21

**Transformed into a National Application:** No

**Registration Date:** 1985-09-24

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact
the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 830 -Post Registration

**Date In Location:** 2006-02-17

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. WESTERN SIZZLIN CORPORATION

**Address:**
WESTERN SIZZLIN CORPORATION
1338 PLANTATION RD.
ROANOKE. VA 24012
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

**International Class:** 042
**Class Status:** Active
RESTAURANT SERVICES
**Basis:** 1(a)
**First Use Date:** 1984-08-15
**First Use in Commerce Date:** 1984-08-15

---

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
945982
1049143
1126269

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-11-04 - TEAS Change Of Correspondence Received

2007-05-23 - TEAS Change Of Correspondence Received

2006-02-17 - First renewal 10 year

2006-02-17 - Section 8 (10-year) accepted/ Section 9 granted

2006-02-17 - Assigned To Paralegal

2005-09-13 - PAPER RECEIVED

2005-06-01 - Assigned To Paralegal

2005-04-07 - PAPER RECEIVED

2004-10-06 - Combined Section 8 (10-year)/Section 9 filed

2004-10-06 - PAPER RECEIVED

1992-01-17 - Section 8 (6-year) accepted & Section 15 acknowledged

1991-09-13 - Section 8 (6-year) and Section 15 Filed

http://tarr.uspto.gov/servlet/tarr?regser=serial&entry=73528053

1985-09-24 - Registered - Principal Register

1985-07-16 - Published for opposition

1985-06-15 - Notice of publication

1985-05-16 - Approved for Pub - Principal Register (Initial exam)

1985-05-15 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
SAMUEL D. LITTLEPAGE

**Correspondent**
Samuel D. Littlepage
Dickinson Wright PLLC
Suite 1200
1875 Eye Street, N.W.
Washington DC 20006
Phone Number: 202.457.0160
Fax Number: 202.659.1559

---

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2010-09-27 18:14:08 ET

**Serial Number:** 73809995 Assignment Information          Trademark Document Retrieval

**Registration Number:** 1584119

**Mark**



**(words only):** WESTERN SIZZLIN STEAK & MORE RESTAURANT

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2009-03-14

**Filing Date:** 1989-06-30

**Transformed into a National Application:** No

**Registration Date:** 1990-02-20

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 830 -Post Registration

**Date In Location:** 2009-03-14

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. WESTERN SIZZLIN CORPORATION, THE

**Address:**
WESTERN SIZZLIN CORPORATION, THE
1338 Plantation Road
ROANOKE, VA 24012
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Tennessee

---

## GOODS AND/OR SERVICES

**International Class:** 042
**Class Status:** Active
RESTAURANT SERVICES
**Basis:** 1(a)
**First Use Date:** 1989-06-08
**First Use in Commerce Date:** 1989-06-08

---

## ADDITIONAL INFORMATION

**Disclaimer:** "STEAK & MORE" AND "RESTAURANT"

**Design Search Code(s):**
**07.13.02** - Advertising, signs, alone; Street signs not attached to a support
**26.01.04** - Circles with two breaks or divided in the middle
**26.01.08** - Circles having letters or numerals as a border; Circles having punctuation as a border; Letters, numerals or punctuation forming or bordering the perimeter of a circle
**26.01.21** - Circles that are totally or partially shaded.
**26.01.27** - Circles containing irregular exterior lining or elements not amounting to a decorative border

**Prior Registration Number(s):**
945982
1049143
1126269
1360991
1362680
1362691

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2009-03-14 - Second renewal 10 year

2009-03-14 - Section 8 (10-year) accepted/ Section 9 granted

2009-03-09 - Assigned To Paralegal

2009-03-06 - TEAS Section 8 & 9 Received

2008-12-18 - Case File In TICRS

2008-11-04 - TEAS Change Of Correspondence Received

2007-05-23 - TEAS Change Of Correspondence Received

2000-01-27 - First renewal 10 year

2000-01-27 - Section 9 granted/check record for Section 8

1999-10-22 - Post Registration action mailed - Section 9

1999-08-25 - Section 9 filed/check record for Section 8

1996-03-21 - Section 8 (6-year) accepted & Section 15 acknowledged

1995-07-18 - Section 8 (6-year) and Section 15 Filed

1990-02-20 - Registered - Principal Register

1989-11-28 - Published for opposition

1989-10-28 - Notice of publication

1989-09-22 - Approved for Pub - Principal Register (Initial exam)

1989-09-01 - Examiner's amendment mailed

1989-08-21 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Samuel D. Littlepage

**Correspondent**
Samuel D. Littlepage
Dickinson Wright PLLC
1875 Eye Street, N.W.
Suite 1200

Washington DC 20006
Phone Number: 202.457.0160
Fax Number: 202.659.1559

_____

BRUCE M. BOGIN
RANGER F. MUNNS
RULON D. MUNNS
PAMELA BOUNDS OLSEN
NANCY F. BRANCH
MARK A. CORNELIUS
BRIAN J. GILLIS
MICHAEL M. TRUNK
ALISA CATHERINE ORR
RYAN R. MUNNS
JOSEPH C. SHOEMAKER
SCOTT ZIMSLEY
HENRI W. COOPER
JOHN J. WRIGHT
CYNTHIA M. THOMAS
SPENCER H. MUNNS
DANIEL A. PEREZ
AARYN A. FULLER
BARRY K. DARBEY
ADAM S. TOBERNER
FRANKLIN DOMENECH
ZANE DUPEE
RICHARD W. WITHERS
R. JEREMY HILL

OF COUNSEL:
GLENN R. LEONG
B. J. VALSHUTTE
WILLIAM C. ROSENFELT
B.F. (BIFF) GODFREY JR.
JASON W. RANEW

* RETIRED
** ALSO ADMITTED TO TEXAS BAR
† ALSO ADMITTED TO GEORGIA BAR
†† ALSO ADMITTED TO CALIFORNIA BAR
††† LL.M TAXATION

CASE MANAGERS
SHERRY COCKINS
JOSEPH P. GERRATO
MICHAEL RINGER
DORIS P. ROMAN
GREGG ALTER

LEGAL ASSISTANTS
FRANCINA BOTKIN
BECKY A. NEUMANN
LINDA L. DUPRE

*Bogin, Munns & Munns, P.A.*

*Attorneys and Counselors at Law*

MAILING ADDRESS:
P.O. BOX 2807
ORLANDO, FLORIDA 32802-2807

PHYSICAL ADDRESS:
2601 TECHNOLOGY DRIVE
ORLANDO, FLORIDA 32804
TELEPHONE (407) 578-1334
FAX LITIGATION & LABOR/EMPLOYMENT (407) 578-2801
FAX REAL ESTATE (407) 578-2347
FAX ALL OTHER DEPARTMENTS (407) 578-2181

Exhibit "B"

March 13, 2010


Delroy W. Josephs, Manager
Sizzlin' Grill
5825 West Irlo Bronson Highway
Kissimmee, Florida 34746

Delroy W. Josephs, Manager
Pinnacle Business Partners, LLC
5811 West Vine Street
Kissimmee, Florida 34746


Re:   Trademark Infringement - Sizzlin' Grill Signage and
      Deceptively Similar Restaurant Operation

Dear Mr. Josephs:

This firm represents Western Sizzlin' Corporation, the owner of the Western Sizzlin' trademark. A copy of that trademark has been attached for your reference. Widespread prior use of the Western Sizzlin' trademark has been made, to the extent that the trademark now enjoys a broad reputation and significant good will among the public. The Western Sizzlin' trademark is well known for all relevant purposes under trademark laws.

It has come to our client's attention that Pinnacle Business Partners, LLC has become the owner and operator of a restaurant known as Sizzlin' Grill located at 5825 West Irlo Bronson Highway in Kissimmee. The restaurant formerly operated as a Western Sizzlin' restaurant. The on-site signage used to identify the Sizzlin' Grill and to attract customers, a copy of which is also attached for your reference, is confusingly and deceptively similar to the Western Sizzlin' trademark and constitutes an unlicensed imitation of it. In addition, the interior of the restaurant is so like an authentic Western Sizzlin' restaurant that a customer could easily be confused. Our client has advised us that for part of the year 2005, you recognized your liability in this area and paid royalties based on the use of the mark. In 2006, you changed the signage to its present design and configuration and ceased making royalty payments, despite the obvious infringement of the Western Sizzlin' trademark.

Our client believes that your use of a deceptively similar trademark has provided an unlicensed benefit to your restaurant for which Western Sizzlin' is entitled to recover damages.

SATELLITE OFFICES

| 140 HIGHLAND AVENUE | 687 BEVILLE ROAD | 770 DELTONA BOULEVARD | 817 NW 56TH TERRACE | 1524 N JOHN YOUNG PARKWAY | 628 SOUTH 14TH STREET | 924 GARFIELD STREET | 1390 N.E. 20TH AVENUE |
| CLERMONT, FL 34711 | SUITE A | SUITE C | SUITE A | KISSIMMEE, FL 34741 | LEESBURG, FL 34748 | MELBOURNE, FL 32935 | #400 |
| TEL (352) 243-8901 | SOUTH DAYTONA, FL 32119-1951 | DELTONA, FL 32725 | GAINESVILLE, FL 32605 | TEL (407) 870-1919 | TEL (352) 728-3773 | TEL (321) 254-3939 | OCALA, FL 34470 |
| FAX (352) 243-8983 | TEL (386) 763-2092 | TEL (386) 860-5200 | TEL (352) 332-7888 | FAX (407) 870-2619 | FAX (352) 728-5488 | FAX (321) 254-3929 | TEL (352) 690-7400 |
| | FAX (386) 763-5823 | FAX (386) 660-0701 | FAX (352) 332-7692 | | | | FAX (352) 690-6616 |

Mr. Delroy W. Josephs
March 13, 2010
Page 2

Western Sizzlin' calculates that the damages for the unlicensed use of its trademark during the period of time from 2005 through 2009 come to $270,000.00.

Accordingly, Western Sizzlin' Corporation demands that your companies promptly pay that sum to it in settlement of its claims of trademark infringement and, further, that you immediately cease and desist all use of the Sizzlin' Grill name and signage which is deceptively similar to the Western Sizzlin' trademark, unless you are prepared to execute an approved franchise agreement with the Western Sizzlin' Corporation within the next twenty (20) days.

Yours truly,
Bogin, Munns & Munns, P.A.

By: _____

Richard W. Withers

Enclosure: Photograph of Western Sizzlin' trademarked logo
Photograph of Sizzlin' Grill signage

*Bogin, Munns & Munns, P.A.*
*Attorneys and Counselors at Law*





