**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WESTERN SIZZLIN CORPORATION,**

            **Plaintiff,**

-vs-                                            Case No. 6:10-cv-1452-Orl-31DAB

**PINNACLE BUSINESS PARTNERS, LLC,**

            **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion for Partial Summary Judgment (Doc. 30) filed by the Defendant, Pinnacle Business Partners, LLC ("Pinnacle"), the response (Doc. 32) filed by the Plaintiff, Western Sizzlin Corporation ("WSC"), and the reply (Doc. 35) filed by Pinnacle.

**I.     Background**

Except where noted, the following information is undisputed. The Plaintiff is a restaurant franchisor and holds a trademark registration for the marks "Western Sizzlin" and "Western Sizzlin Steak & More Restaurant". Since 2005, the Defendant has operated a restaurant in Kissimmee named "Sizzlin Grill" at a site that housed a Western Sizzlin restaurant from 1995 to 2004. Pinnacle took over the location and considered operating a Western Sizzlin restaurant there, even going so far as to make royalty payments to WSC during 2005. However, the parties were unable to agree on terms and in February 2006 Pinnacle declined to sign a franchise agreement. At

that time, WSC demanded that Pinnacle remove its "Sizzlin Grill" signs due to their similarity to the Plaintiff's trademarked signs.

In November 2009, a WSC representative visited the Sizzlin Grill and determined that the signs had not been changed and that the restaurant's interior "continued to look just like an authentic Western Sizzlin restaurant".[1] (Doc. 1 at 4). In March 2010, WSC demanded that Pinnacle pay back royalties and cease using the allegedly infringing marks. In September 2010, WSC filed the instant suit, alleging violations of the Lanham Act (Counts I-III), common law unfair competition (Count IV), unjust enrichment (Count V) and a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (Count VI).

## II.   Summary Judgment Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and

---

[1] The Plaintiff does not allege that it previously demanded that Pinnacle make changes to the interior of the restaurant.

citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.  The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.   Analysis**

By way of the instant motion, Pinnacle seeks summary judgment as to WSC's unfair competition, unjust enrichment, and FDUTPA claims.  Pinnacle argues that (1) all three of these causes of action are subject to the four-year statute of limitations set forth in Fla. Stat. § 95.11, (2) that WSC was aware of the alleged violations at the latest in February 2006, and (3) that the instant action was not filed until September 2010, more than four years later.  In support, Pinnacle points to the allegations of the Complaint that WSC representatives visited the Sizzlin Grill in February 2006, noted that the Defendant had not significantly revised its interior from the time when it had been a Western Sizzlin and, after the franchise negotiations failed, demanded that Pinnacle change the Sizzlin Grill sign. (Doc. 1 at 4).  Pinnacle also points to a memorandum prepared by one of those representatives, Jerry Plunkett ("Plunkett"), dated February 3, 2006 and produced to Pinnacle by WSC during discovery.  In the memorandum, Plunkett describes his assessment of the

Defendant's business operations and food quality and recounts how he informed representatives of the Defendant that they "needed to change their signs as they had copied our logo." (Doc. 30 at 7).

WSC does not dispute that Counts IV, V, and VI are subject to a four-year statute of limitations. WSC argues that there is a material dispute as to the extent of its knowledge of the Defendant's (alleged) activities in February 2006. However, WSC makes only this blanket statement. WSC presents no evidence whatsoever that its knowledge of potential trademark infringement when it filed this suit in September 2010 differed in any significant way from the knowledge its representatives gathered when they visited the Sizzlin Grill in February 2006. Indeed, the overarching theme of the Complaint is that the Defendant took over a former franchise location in 2005 and never made the cosmetic and other changes that needed to be made to avoid infringing Plaintiff's trademark. WSC's unsubstantiated statement about the extent of its knowledge is not enough to establish the existence of a genuine issue of material fact on this point.

WSC raises a second argument to avoid summary judgment. In his memorandum, Plunkett writes that, after he told Pinnacle's representatives that the Sizzlin Grill sign needed to be changed, one of them "assured me that they would do this." (Doc. 30 at 7). WSC argues that this assurance "turned out to be false, as the Plaintiff discovered in approximately November of 2009." (Doc. 32 at 5). Based on this, WSC argues that Pinnacle is equitably estopped from asserting a statute of limitations defense.

Under Florida law, equitable estoppel arises when one party lulls another party into a disadvantageous legal position. *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1076 (Fla. 2001). "Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct. The doctrine bars the wrongdoer from asserting

that shortcoming and profiting from his or her own misconduct. Equitable estoppel thus functions as a shield, not a sword, and operates against the wrongdoer, not the victim." *Id*.

In this case, the "shortcoming" is that the Plaintiff waited more than four years after learning of the alleged violations before filing suit. A simple assurance that the sign would be changed could in theory "lull" a party into delaying the filing of suit for the length of time needed to change – or at least remove – the sign, perhaps a few weeks in this scenario. It would not be enough to lull a party into delaying for more than forty-eight months. And there is no suggestion that the Defendant somehow prevented the Plaintiff from visiting the restaurant, or even just driving by it, to see if the sign had been changed. WSC has failed to establish any grounds for the application of equitable estoppel here.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Partial Summary Judgment (Doc. 30) is **GRANTED** as to Counts IV, V, and VI.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 23, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party